IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Evanston Insurance Company, | C/A No. 3:13-cv-00655-JFA |
| Plaintiff, | |
| vs. | |
| Vickie Watts, as personal representative of the Estate of Dorothy Jones; Meredith Wofford; Estate of Dora Elizabeth B. Hanna, by and through her personal representative, King C. Hanna, Jr., and on behalf of a class of individuals similarly situated; LaFay Walker, as personal representative of the Estate of Martha Sellers Blackwelder; Amanda Curtis; Preston Wayne Chandler, as personal representative of the Estate of Mildred Louise Chandler; Patty Larimore, as personal representative of the Estate of Annie Larimore; the Estate of Clarice Potter; Agape Senior, LLC; Agape Senior Primary Care, Inc.; Agape Nursing & Rehabilitation, Inc.; Agape Assisted Living, Inc.; Agape Community Hospice, Inc.; Carolinas Community Hospice, Inc.; Scott Middleton; Floyd Cribbs, Kezia Nixon; and Jackson & Coker Locum Tenens, LLC d/b/a Jackson and Coker, | **ORDER** |
| Defendants. | |

In this declaratory judgment action, Evanston Insurance Company ("Plaintiff") has moved the court to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. ECF No. 89. In the complaint, Plaintiff seeks a declaration of its duties to defend and indemnify Agape Senior, LLC, and its affiliated corporations ("Agape") against claims of negligence, unjust enrichment, and strict tort liability arising out of allegations that Ernest Addo, posing as Dr. Arthur Kennedy, treated Agape residents and patients without a medical license.  For

1

purposes of determining coverage, Plaintiff moves this court to certify as a class all of those patients of any Agape facility who received medical treatment from Addo during a particular time, as described with more specificity below. *Id.* Agape opposes the motion. ECF No. 100.

I.

Plaintiff commenced this action pursuant to the Declaratory Judgment Act ("Act"), 28 U.S.C. § 2201, which provides that a district court "may declare" the rights of interested parties. In deciding whether to entertain a declaratory judgment action, this court initially must consider whether (1) "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," and whether (2) "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co.*, 92 F.2d 321, 325 (4th Cir. 1937). When related litigation is pending in state court, this court also must weigh "considerations of federalism, efficiency, and comity" before adjudicating a declaratory judgment action. *Penn–Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal citation omitted). Among the factors this court should consider is whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493–94 (4th Cir. 1998) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)). The original complaint in this case sought a declaration of Plaintiff's duties to defend and indemnify in *Hanna v. Agape Senior, LLC, et al*, 3:12-cv-02872-JFA, a putative class action removed to this court on diversity grounds. This court exercised its discretion to hear the declaratory judgment action pursuant to the Act. After commencing the action, Plaintiff learned of other state court lawsuits against Agape arising out of Addo's conduct. This court granted Plaintiff's motion to amend, and the complaint added as defendants the tort claimants in those pending state court cases.

Now, in its motion to certify a class, Plaintiff submits that the same coverage questions will arise in any claim brought against Agape by any putative class member. To that end, Plaintiff seeks an order from this court certifying as a class: "All of those patients of any Agape facility who received medical treatment of any form from the individual whose true name is Ernest Addo during the Class Period for the sole purpose of determining the existence of coverage under Policy No. MM-822351." ECF No. 89, at 1. The class period is defined as February 24, 2012, through August 23, 2012. Plaintiff contends that the case is suited for a defendant class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. As a prerequisite, Rule 23(a) provides that one or more class members "may . . . be sued as representative parties on behalf of all members only if":

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b) provides that a class action "may be maintained if Rule 23(a) is satisfied and if," as is alleged here:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Among its arguments, Plaintiff submits that numerous patients at Agape's facilities received medical treatment from Addo in the class period; the question of whether allegations made in the underlying litigation trigger insurance coverage raises a common issue of fact or law; each persons within the putative class has a similar interest in whether coverage exists for all acts and omissions alleged in the underlying litigation; and Plaintiff's coverage question centers on allegations in the underlying litigation.

In opposition, Agape argues that the putative class is improper, and unnecessary, because its members are neither parties to, nor third-party beneficiaries of, the insurance policy upon which Plaintiff seeks a declaratory judgment. Furthermore, Agape disputes Plaintiff's conclusions under Rules 23(a) and 23(b)(3).

II.

Having considered the parties' arguments and the applicable law, this court finds itself at the intersection of the requirements of Rule 23 and the considerations mandated under the Act. On the one hand, the Plaintiff's wish to avoid duplicitous litigation on the particular coverage issue before this court weighs in favor of class certification under Rule 23(a). On the other hand, the factors this court must consider before exercising jurisdiction under the Act weigh against certifying a class under Rule 23(b)(3).

As it stands, Plaintiff has named in its complaint the tort claimants in pending state and federal court actions, and the court has had the opportunity to weigh the factors mandated under the Act. Thus, to determine coverage, this court, applying general rules of contract construction, will be able to compare the allegations in these underlying state and federal court actions with the language in the relevant insurance policy. In light of these considerations and the above-stated factors, the court finds that the putative defendant class is undesirable and, therefore, it declines certification. Accordingly, the court denies Plaintiff's motion to certify a class.

IT IS SO ORDERED.

April 15, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge